IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 10-00631 LEK |
| Plaintiff, | ) | |
| vs. | ) | |
| CHARLES ALAN PFLUEGER, (01) | ) | |
| JAMES HENRY PFLUEGER, (02) | ) | |
| RANDALL KEN KURATA, (03) | ) | |
| DENNIS LAWRENCE DUBAN, (04) | ) | |
| JULIE ANN KAM, (05) | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL PRODUCTION OF DOCUMENTS, FILED APRIL 25, 2012**

Defendant Dennis Lawrence Duban ("Duban") filed his Motion to Compel Production of Documents ("Motion") on April 25, 2012. [Dkt. no. 250.] Defendants Randall Ken Kurata ("Kurata") and Julie Ann Kam ("Kam") each filed a joinder on April 26, 2012, [dkt. nos. 266, 268,] and Defendant Charles Alan Pflueger ("Defendant Charles Pflueger") filed a joinder on April 30, 2012 [dkt. no. 280]. Plaintiff the United States of America ("the Government") filed its opposition on May 2, 2012. [Dkt. no. 297.] This matter came on for hearing on May 7, 2012. The Court heard oral argument and thereafter took the matter under advisement.

Based upon the Motion, supporting and opposing memoranda, and arguments by counsel, the Court hereby GRANTS IN

PART and DENIES IN PART the Motion for the reasons set forth below.

Duban seeks to compel production of materials that were requested on April 13, 2012 in a letter from counsel for Defendant James Henry Pflueger ("Defendant James Pflueger"):

1. All files, documents, and materials, electronic or otherwise, in the possession of the Government related to the Internal Revenue Service examination of Pflueger, Inc. (and/or any of its related entities) for tax years 2002 through 2007;

2. All files, documents, and materials, electronic or otherwise, in the possession of the Government related to the Internal Revenue Service examination of James Henry Pflueger (and/or any of his related entities) and/or Charles Alan Pflueger (and/or any of his related entities) for tax years 2002 through 2007;

3. Copies of all Forms 2797 (Fraud Referral) or Forms 11661 (Fraud Development Status) or similar forms relating to the examination, audit, or investigation of any of the individuals or entities mentioned above.

[Motion at 2.] Duban argues that the documents being sought were obtained by the Government during its audit of Pflueger, Inc. and resulted in the criminal investigation and charges against the defendants. Therefore, he contends, Fed. R. Crim. P. 16(a) mandates that the government must provide these documents because they are material to preparing Duban's defense. [Mem. in Supp. of Motion at 5-6.]

In its opposition, the Government recites the list of documents that it has already turned over in discovery and states that it has met its obligations as to discovery. [Mem. in Opp. at 3-4.] As to the Internal Revenue Service ("IRS") Examination Files of Pflueger, Inc. for 2002-2007, the Government states that any additional information as to these files that it has not produced and that is in the Government's possession "is either non-discoverable as internal IRS work product or will be disclosed as Jencks material of testifying witnesses Revenue Agent Chigawa and Specialist Nakandakari." [Id. at 4.]

As to the IRS Examination Files of James Pflueger and Charles Alan Pflueger for 2002-2007, the Government states that it produced audit documents for the personal returns of James Pflueger and Charles Alan Pflueger for tax years 2003 and 2004. [Id.] Although it is aware that the IRS conducted an audit of James Pflueger for either 2001 or 2002, the Government states that "this audit was unrelated to the allegations in the Indictment and was conducted by the IRS's office in Los Angeles, California as opposed to Honolulu, Hawaii." [Id. at 4-5.] Thus, the Government argues that documents pertaining to the 2001 or 2002 audit of James Pflueger is neither material nor discoverable under Rule 16. Additionally, it argues that these documents are not in the prosecution team's possession. [Id. at 5.]

As to the copies of fraud referrals and fraud development status or similar forms related to the IRS examination of Pflueger, Inc., James Pflueger or Charles Alan Pflueger, the Government states that it "is in possession of the Form 2797 Fraud Referral as it relates to the IRS audit of Pflueger, Inc. that lead to this criminal investigation and subsequent prosecution." [Id. at 6.] The Government states that it will only produce those portions containing statements made by Revenue Agent Chigawa which it considers to be Jencks material. It argues that "[o]ther portions of the Fraud Referral not prepared by Revenue Agent Chigawa are neither Jencks nor discoverable under Rule 16 or Brady." [Id. at 6-7.]

The Government represents that it is not in possession of the Form 11661 Fraud Development Status. Nevertheless, it states that the form, to its understanding, is "an internal IRS form prepared by manager(s) or supervisor(s) of Revenue Agent Chigawa." [Id. at 7.] Since these individuals will not be witnesses at trial, the Government submits that the statements are not Jencks material and do not have to be produced. To the extent that Duban contends that he needs these forms to determine whether there are any inconsistencies with the Government's theory of prosecution, the Government argues that this is mere speculation and neither establishes materiality nor constitutes Brady evidence necessary to compel disclosure. [Id. at 7-8.]

4

Rule 16(a)(1)(E) provides, in pertinent part, as follows:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> > (i) the item is material to preparing the defense;
> >
> > (ii) the government intends to use the item in its case-in-chief at trial; or
> >
> > (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E)(i)-(iii). "A showing of materiality, however, is 'not satisfied by a mere conclusory allegation that the requested information is material to the preparation of the defense.'" United States v. Cadet, 727 F.2d 1453, 1466 (9th Cir. 1984) (quoting United States v. Conder, 423 F.2d 904, 910 (6th Cir. 1970), cert. denied, 400 U.S. 958, 91 S. Ct. 357, 27 L. Ed. 2d 267 (1970)). Rather, a threshold showing of materiality must be made "which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." United States v. Santiago, 46 F.3d 885, 894 (9th Cir. 1995) (citation and internal quotation marks omitted). The Court finds Duban has sufficiently presented facts which would tend to show that the information being sought would be helpful to the defense,

5

specifically that the documents generated as a result of tax examinations and/or audits of Pflueger, Inc., Defendant James Pflueger or Defendant Charles Pflueger are factually related to the criminal investigation that led to the criminal charges against Duban and the other defendants.

Materiality, however, is distinct from being within the Government's possession, custody or control. Evidence is not "unavailable" where, although not within the prosecutor's physical possession, it is in the possession of "the government". United States v. Castillo-Basa, 483 F.3d 890, 904 (9th 2007) (citing United State v. Bailleaux, 685 F.2d 1105, 1113-14 (9th Cir. 1982)). "In the Ninth Circuit, federal prosecutors are deemed to have 'possession and control' over material in the possession of other federal agencies as long as they have 'knowledge' of and 'access' to that material." United States v. Fort, 478 F.3d 1099, 1102 (9th Cir. 2007) (quoting United States v. Santiago, 46 F.3d 885, 893 (9th Cir. 1995)). In Santiago, the Ninth Circuit noted that agency involvement in the investigation is "a sufficient, but not necessary, factor to show that the prosecution was in 'possession' of the agency's information." 46 F.3d at 893. Applying these factors to the facts at hand, the Court finds that the Government, since it plans to present parts of this form through one of its trial witnesses (Agent Chigawa), has possession and control over the Form 2797 Fraud Referral, and

6

over the Form 11661 Fraud Development Status since it contains information generated by Agent Chigawa's supervisors. Therefore, this information falls within Rule 16's discovery requirement.

Not so, however, as to the audit materials held by the Los Angeles IRS Office. See United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir. 1989) ("The prosecutor will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant."); see also Santiago, 46 F.3d at 893 (emphasizing that "agency involvement in the investigation" is "a sufficient, but not necessary, factor to show that the prosecution was in 'possession' of the agency's information"). The IRS, the federal agency involved here in the criminal investigation, has many offices throughout the country. No facts have been presented to support a finding that the IRS Los Angeles office's audit for 2001 or 2002 played any role or assisted in the criminal investigation that resulted in the instant prosecution. The Court therefore finds that the Government does not have knowledge or access to these materials.

"[R]eports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" are exempt from discovery. Fed. R. Crim. P. 16(a)(2); see also United States v. Nobles, 422 U.S. 225, 238-39 (1975).

7

The Government contends that the only documents that it has not produced regarding Request No. 1, documents regarding Pflueger, Inc. (and/or any of its related entities) for tax years 2002 through 2007, are "internal IRS work product" or will be disclosed as Jencks material. [Mem. in Opp. at 4.] If what is referred to as "internal IRS work product" means that the documents were made by government agents investigating or prosecuting the case, then these documents are not subject to discovery. However, based on the current record, the Court cannot conclusively find this to be so. Therefore, the Government shall file a declaration from one or more IRS agents with personal knowledge regarding the documents that have been withheld from discovery on the basis of being "internal IRS work product" in which the declarants: (1) identify in general terms what these documents are; (2) state who created these documents; and (3) state whether or not these documents were made as part of the investigation or prosecution of any of the defendants.

Rule 16 pertains to pre-trial discovery in a criminal case but "'as to demands for production of statements and reports of government witnesses than defendants, 18 U.S.C. § 3500 (The Jencks Act) controls.'" United States v. Walk, 533 F.2d 417, 421 (9th Cir. 1975) (quoting Sendejas v. United States, 428 F.2d 1040, 1046 (9th Cir. 1970), cert. denied, 400 U.S. 879, 91 S. Ct. 127, 27 L. Ed. 2d 116 (1970)). Therefore, as to statements and

8

reports of government witnesses, the timing for these materials to be disclosed and the extent of disclosure are controlled by <u>Jencks</u>.

Lastly, the Court reminds the parties of their continuing duty to disclose. Fed. R. Crim. P. 16(c)(1)-(2).

In sum, the Court hereby GRANTS IN PART and DENIES IN PART the Motion as follows:

1. The Motion is GRANTED to the extent that the Government shall produce to Duban copies of the Form 2797 Fraud Referral, and the Form 11661 Fraud Development Status related to Pflueger, Inc., Defendant James Pflueger or Defendant Charles Pflueger **by no later than May 31, 2012;**

2. The Motion is DENIED as to audit materials held by the Los Angeles IRS Office regarding Pflueger, Inc., Defendant James Pflueger and/or Defendant Charles Pflueger;

3. The Motion is DENIED WITHOUT PREJUDICE as to "internal IRS work product" so long as the Government files a declaration from one or more IRS agents with personal knowledge regarding the documents that have been withheld from discovery on the basis of being "internal IRS work product" in which the declarants: (1) identify in general terms what these documents are; (2) state who created these documents; and (3) state whether or not these documents were made as part of the investigation or prosecution of any of the defendants **by no later than May 31, 2012.** This denial is without prejudice to Duban who, after review of the declarations, may renew this portion of the Motion if he finds the work product claim to be insufficiently supported; and

4. The Motion is DENIED as to statements and reports of government witnesses, insofar as the timing for these materials to be disclosed and the extent of disclosure are controlled by <u>Jencks</u>.

In the same manner, Kam's joinder in the Motion is GRANTED IN PART and DENIED IN PART. Insofar as Defendant Charles Pflueger and Kurata have changed their pleas to guilty and will not be proceeding to trial, their joinders in the Motion are DENIED AS MOOT.

**IT IS SO ORDERED.**

DATED AT HONOLULU, HAWAII, May 25, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA V. CHARLES ALAN PFLUEGER, ET AL; CR. NO. 10-00631 LEK; ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL PRODUCTION OF DOCUMENTS, FILED APRIL 25, 2012**